**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL LOUIS BRISCO, 1074236,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:04-CV-2687-P** |
| | ) | **ECF** |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **TDCJ-CID,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Procedural Background

Petitioner challenges his conviction for possession with intent to deliver cocaine, enhanced with two prior felonies. *State v. Brisco*, No. F-0047511-VS (282nd Dist. Ct., Dallas County, Tex., Nov. 12, 2001). Petitioner pled guilty to the offense and true to the enhancement paragraphs.[1] Pursuant to a plea bargain agreement, the court sentenced him to twenty-five years confinement.

On February 28, 2002, Petitioner filed a state application for writ of habeas corpus. *Ex parte Brisco*, 53,391-04 (Tex. Crim. App. Feb. 28, 2002). On August 25, 2004, the Court of Criminal Appeals denied the application without written order on the findings of the trial court.

---

[1]On this same day, Petitioner also pled guilty to murder and true to two parole revocations.

*Id*. at cover.

On November 23, 2004, Petitioner filed this federal petition for writ of habeas corpus. He argues: (1) he was illegally stopped, searched and arrested by the police; (2) he received ineffective assistance of counsel because his counsel failed to: (a) conduct any pretrial investigation; (b) oppose the charges made and evidence offered against Petitioner; (c) communicate with him; (d) file a notice of appeal; and (e) preserve issues to present for appellate review; and (3) Petitioner's guilty plea was involuntary and coerced.

On May 23, 2007, Respondent filed his answer. On June 27, 2007, Petitioner filed a traverse. The Court finds the petition should be denied.

## II. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently

from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**2.    Fourth Amendment Claims**

Petitioner argues his vehicle was illegally stopped and searched by the police and that he was illegally arrested. A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95 (1976). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that – an opportunity. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id*; *see also*, *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002).

In this case, Petitioner had a opportunity to raise his claims in a pretrial motion to suppress. Petitioner also could have proceeded to trial and his attorney could have objected at trial to the admission of evidence obtained as a result of an allegedly unlawful search and seizure. That Petitioner failed to take advantage of these opportunities does not render the *Stone*

bar inapplicable. Petitioner's claim should be denied.

**3. Guilty Plea**

Petitioner argues his guilty plea was involuntary because his attorney coerced him into pleading guilty. He also argues that his counsel failed to perform an adequate investigation, failed to oppose the evidence and charges and failed to adequately communicate with him which forced him to plead guilty.

As a general rule, a defendant may not collaterally attack a voluntary and intelligent guilty plea. *Taylor v. Whitley*, 933 F.2d 325, 327 (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) and *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Before the trial court may accept a guilty plea, it must ensure that the defendant "has a full understanding of what the plea connotes and of its consequences." *Taylor*, 3933 F.2d at 330 (5th Cir. 1991) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). A plea is involuntary, and therefore insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Taylor*, 933 F.2d at 330 (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

In this case, Petitioner has not shown that his plea was involuntary. The record shows Petitioner was admonished as to the charges and possible punishment. Petitioner signed waivers stating that his plea was voluntary. The waivers state:

> With the approval of counsel, defendant makes the following statements and waivers. I am the accused in the charging instrument and am mentally competent. I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or *nolo contender*. . . .
>
> . . . . I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by an consideration, fear, persuasion, or

delusive hope of pardon or parole.

(*Ex parte Brisco* No. 53,391-04 at 19).

Further, a review of the trial transcripts shows that the court admonished Petitioner as to the charges and possible sentence. The transcripts state:

COURT: The other two cause numbers I called out are unlawful possession with intent to deliver and murder.[2] These are both first-class – first-degree felonies. The range of punishment for a first-degree felony is five to 99 years or life and an optional fine not to exceed $10,000. However, on each of these indictments there are enhancement paragraphs, which if they're true, the range of punishment minimum is increased to that of 25 years; do you understand what you're charged with and what the range of punishment is for each of these offenses?

PETITIONER: Yes.

COURT: Is your client competent, Mr. Grantham?

COUNSEL: In my opinion he is, Your Honor.

COURT: In this new case, you signed a document that says you understand that you have a right to have a jury trial in each of these cases, but that you do not want jury trials and instead want to plead guilty; is that correct?

PETITIONER: Yes.

COURT: Also you signed Judicial Confessions, and by signing those documents, the State does not have to bring anyone down here to prove you guilty, I can find you guilty based on your signature on these documents and your signature alone; do you understand that?

PETITIONER: Yes.

* * * *

---

[2]The Court first discussed Petitioner's parole revocations. The "other two cause numbers" refers to the instant unlawful possession charge and the murder charge.

COURT: All right. The plea bargain on those two cases[3] is that you'll plead guilty and true to the paragraphs and be sentenced to the minimum 25 years in the penitentiary. Is that your understanding of the plea bargain on the new cases?

PETITIONER: Yes, ma'am.

COURT: And you understand that if I follow the plea bargain agreement, your right to appeal these matters will be limited?

PETITIONER: Limited?

COURT: Yes.

PETITIONER: Okay.

COURT: Okay. Understanding everything I've gone over with you, do you still want to go forward with your plea?

PETITIONER: Yes.

(Revocation Hearing and Plea of Guilty at 5-7).

The record shows that Petitioner knowingly and voluntarily entered his guilty plea. Petitioner's claim should therefore be denied.

**4. Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel because his attorney failed to: (1) conduct any pre-trial investigation; (2) oppose the charges and evidence; (3) file a notice of appeal; (4) preserve issues for appellate review; and (5) adequately communicate with him.

**(a) Procedural Bar**

Respondent argues that claims one through four are procedurally barred because Petitioner failed to present these claims to the Texas Court of Criminal Appeals in a petition for

---

[3]The court is referring to the unlawful possession case that Petitioner challenges in this petition and the murder case.

discretionary review or in his state habeas petition. If a state court has declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, such as filing a petition for discretionary review, the procedural bar applies. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991). The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *Id*.

The record reflects that Petitioner raised claims one and two in his state habeas petition. These claims are therefore not procedurally barred. The Court also finds, however, that Petitioner failed to raise claims three and four, that his counsel was ineffective for not filing a notice of appeal and for not preserving issues for appeal. Accordingly, the Texas Court of Criminal Appeals has not reviewed these claims. The claims cannot be reviewed by a state court because it is too late to file a petition for discretionary review. If this Court were to require Petitioner to return to state court to exhaust these claims, they would be subject to dismissal. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claims that his counsel was ineffective for failing to file a notice of appeal and failing to preserve issues for appeal

**(b) Ineffective Assistance Claims**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings

would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel coerced him into pleading guilty, failed to conduct a sufficient pre-trial investigation, failed to oppose the state's charges and failed to sufficiently communicate with him. As discussed above, Petitioner knowingly and voluntarily pled guilty to the offense. Once a defendant enters a knowing and voluntary guilty plea, all non-jurisdictional defects in the proceedings below are waived except for claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

Petitioner's claim do not allege jurisdictional defects. Therefore, unless the claims relate to the voluntariness of Petitioner's guilty plea, they are waived. Petitioner's claim that his counsel coerced him into pleading guilty clearly relates to the voluntariness of Petitioner's plea. Petitioner argues his counsel coerced him into pleading guilty by stating that Petitioner would receive life in prison if he did not plead guilty. Petitioner had two prior felony convictions. His range of punishment was therefore twenty-five years to life imprisonment. Even assuming that Petitioner's counsel predicted a life sentence if Petitioner did not plead guilty, such a prediction is not outside the wide range of reasonable assistance. Further, to show prejudice for any alleged deficiency, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312.

Since Petitioner received the minimum sentence of twenty-five years, he must show a reasonable probability that if he had proceeded to trial he would have been acquitted. Petitioner has failed to make this showing.

Petitioner also claims his counsel failed to adequately investigate the case, which forced him to plead guilty. To establish that counsel was ineffective for failure to investigate, the petitioner must do more than merely allege a failure to investigate – he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Petitioner has simply made conclusory statements that his counsel failed to talk with potential witnesses. Petitioner submits no affidavit or other evidence from these witnesses. As the Fifth Circuit has stated, "hypothetical or theoretical testimony will not justify the issuance of a writ . . . ." *Martin v. McCotter,* 796 F.2d 813, 819 (5th Cir. 1986). Petitioner's conclusory allegations of ineffective assistance of counsel fail to raise a colorable basis for habeas corpus relief. *See Ross,* 694 F.2d at 1012.

Petitioner argues his counsel failed to communicate with him. Petitioner does not explain this alleged failure to communicate. He has also failed to show how any further communication with his counsel would have changed the outcome of the proceedings. He has failed to show his counsel provided deficient performance and has failed to show the required prejudice. *Strickland*, 466 U.S. at 687. Petitioner's claim should be denied.

**5. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a

constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 6th day of July, 2007.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).